Filed 2/20/25  P. v. Coleman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101530 |
| v. | (Super. Ct. No. CR118468) |
| ROOSEVELT JERMAINE COLEMAN III, | |
| Defendant and Appellant. | |

Defendant Roosevelt Jermaine Coleman III, appeals from a postconviction order denying his petition for recall and resentencing under Penal Code section 1170, subdivision (d)(1).[1]  Appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Although defendant did not file a supplemental brief, it appears he was not notified that his failure to file a supplemental brief could result in dismissal of his appeal.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216.)  Under the circumstances, we have exercised our discretion to independently review the record.  (See *id.* at pp. 226,

---

[1] Undesignated statutory references are to the Penal Code.

1

232.) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the order denying defendant's petition for resentencing.

I

In 1992, when defendant was 17 years old, he and several other members of a Crips street gang forcibly entered a residence and fatally shot a woman. A jury convicted defendant of murder (§ 187, subd. (a)) and conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)) and found true an allegation that a principal was armed with a firearm (§ 12022, subd. (a)). The trial court subsequently granted the People's motion to amend the information to add a charge of actively participating in a criminal street gang, and the trial court found defendant guilty of that offense. (§ 186.22, subd. (a).) The trial court sentenced defendant to an aggregate 28 years to life in prison, consisting of the following: 25 years to life for the murder, plus a consecutive year for the firearm enhancement; a stayed 15 years to life for the conspiracy plus a stayed year for the firearm enhancement; and a consecutive two years for the gang offense.

In February 2024, defendant filed a motion for recall and resentencing under section 1170, subdivision (d)(1), which authorizes persons sentenced to life without the possibility of parole who were under 18 years of age at the time of the offense to petition for resentencing under certain circumstances. Defendant asserted he was entitled to relief under *People v. Heard* (2022) 83 Cal.App.5th 608, which held, on equal protection grounds, that section 1170, subdivision (d)(1) applied to juvenile offenders who were sentenced to the functional equivalent of life without the possibility of parole. The trial court denied the petition, ruling defendant is ineligible for relief under section 1170, subdivision (d)(1) because he was not sentenced to life without the possibility of parole or its functional equivalent. The trial court noted defendant had received two parole hearings and was scheduled for a third parole hearing in May 2025.

II

2

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The order denying defendant's petition for resentencing under section 1170, subdivision (d)(1) is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
FEINBERG, J.